BEFORE THE FIRST DIVISION, DECEMBER 9, 1942

**No. 47786.**—Protests 31835–K, etc., of Blanchard Lumber Co. (Boston).

Opinion by WALKER, J. It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391). In accordance therewith it was held that the tax imposed should have been assessed on the basis of the condition in which imported and that no addition should have been made for planing, tonguing, and grooving. Protests sustained to this extent. The claims as to certain entries, having been abandoned, the protests were dismissed to that extent.

**No. 47787.**—Protest 31904–K/89311 of Wilson Sporting Goods Co. (Chicago).

Opinion by WALKER, J. At the hearing three witnesses were called. One, the superintendent of the plant of the exporters of the leather in issue, and who are tanners of leather, testified as to the various processes glove leather is subjected to, with the result that the natural grain of the leather shows up. The other two witnesses, the assistant factory superintendent of the plaintiff-company, and a leather salesman with years of experience, testified that the leather in issue is finished glove leather. Two samples were received in evidence and examination of these reveals that they contain what might, to the layman, be considered a grained or pebbly effect. From the record presented, the court was satisfied that the leather in issue consists of soft, tanned, finished glove leather, made from cowhides, and that it has not been grained. The claim at 15 percent under paragraph 1530 (b) (5) as amended by T. D. 49753 was therefore sustained.

BEFORE THE SECOND DIVISION, DECEMBER 9, 1942

**No. 47788.**—Protests 862586–G, etc., of Allied Stores Corp. et al. (New York).

Opinion by KINCHELOE, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.